UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL KEITH READ                          CIVIL ACTION

VERSUS                                     NUMBER: 13-6420

22ND JUDICIAL COURT, ET AL.            SECTION: "A"(5)

## REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Daniel Keith Read, has initiated the above-captioned matter in forma pauperis ("IFP") against defendants, the Twenty-Second Judicial District Court for the Parish of St. Tammany, the "State of Louisiana - St. Tammany S.O.", Detective Michael Deckelman, Detective Brian Brown, Detective Jim Davis, and Officer Rudiger. (Rec. doc. 1).

Plaintiff is an inmate of the St. Tammany Parish Jail who is awaiting trial on an unidentified criminal offense. Plaintiff vaguely alleges that he is being held on a "bad charge" which is unsupported by any evidence and despite the fact that he has no prior criminal record.  He states that he is unable to afford

retained counsel and that the State has not disclosed any evidence related to the offense.  Plaintiff is unable to recall all of the details of the crime and, owing to a learning disability, was not fully aware of his rights which were not read to him at the time of his arrest, thus making presumably inculpatory statements which were not true based on a lack of understanding of the charges against him.  In his prayer for relief, plaintiff asks the Court to "freeze" his criminal case and assist him in his defense and to proceed with this suit against the named defendant law enforcement officials and the St. Tammany Parish Court for pursuing their prosecution in the manner that they have.  (Rec. doc. 1).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983.  Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-

2

trial and post-conviction habeas proceedings.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Reading plaintiff's complaint with the liberality to which pro se pleadings are entitled, he alleges that he remains incarcerated on a charge which is unsupported by any evidence, that Miranda warnings were not given to him at the time of his arrest, and that he thereafter made presumably inculpatory statements which were involuntary and/or unintelligent in nature.  Such allegations clearly challenge the fact and duration of plaintiff's confinement and must first be pursued on habeas corpus grounds.  Hernandez v. Spencer, 780 F.2d 504 (5th Cir. 1986).  On that score, plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action or otherwise relating to his

3

imprisonment.  (Rec. doc. 1, p. 1).  Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.  <u>McGrew v. Texas Board of Pardons & Paroles</u>, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any viable §1983 claims are raised by plaintiff's complaint.  As to the "State of Louisiana - St. Tammany S.O.", the only entity(ies) as to which service of plaintiff's complaint has been accepted (rec. doc. 8), the Court notes only that neither States, <u>Will v. Michigan v. Dept. of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304 (1989), nor sheriff's offices of parishes, <u>Wetzel v. St. Tammany Parish Jail</u>, 610 F.Supp.2d 545, 548 (E.D. La. 2009), are considered to be "persons" within the meaning of §1983 and that the Eleventh Amendment bars suits against unconsenting states in federal court regardless of the nature of the relief sought.  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908 (1984).  The Court also notes that service on the remaining individual defendants has not been effected (rec. docs. 5-7, 9) as they are not employed by the St. Tammany Parish Sheriff's Office as was represented by plaintiff in his complaint.  (Rec. doc. 1, p. 4).  As such, those individuals are not properly before the Court.  In any event, under <u>Younger v. Harris</u>, 401 U.S. 37, 45, 91 S.Ct. 746, 751 (1971), federal courts

4

should refrain from interfering in ongoing state criminal proceedings absent extraordinary circumstances which are not present here.  <u>See also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 n.8, 114 S.Ct. 2364, 2372-73 n.8 (1994).  That being the case, plaintiff's §1983 claims should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993).

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass</u>

5

<u>v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u>

<u>banc</u>).

New Orleans, Louisiana, this <u>7th</u> day of <u>February</u>,

2014.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE